

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-1635-12

**THE STATE OF TEXAS**

**v.**

**MARK MERU, Appellee**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## NUECES COUNTY

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, and HERVEY, JJ., joined. PRICE, J., filed a concurring opinion. ALCALA, J., filed a concurring opinion, in which WOMACK and COCHRAN, JJ., joined.

## O P I N I O N

Appellee, Mark Meru, was convicted of burglary of a habitation and sentenced to 25 years in prison. He filed a motion for new trial, complaining that the trial court erred in refusing to give the requested jury instruction on the lesser-included offense of criminal trespass. The trial court granted the motion for new trial based on this complaint. The State appealed, arguing that criminal trespass cannot be a lesser-included offense of

burglary because trespass requires intrusion of the defendant's entire body while burglary only requires a partial intrusion of the body. The court of appeals affirmed the trial court's order for a new trial. *State v. Meru*, No. 13-12-00223-CR, 2012 Tex. App. LEXIS 8942 (Tex. App. – Corpus Christi Oct. 25, 2012) (not designated for publication). We granted the State's petition for discretionary review to determine whether the court of appeals erred in affirming the trial court's grant of Appellee's motion for a new trial. We disagree with the court of appeals that Appellee was entitled to an instruction on the lesser-included offense of criminal trespass and, therefore, reverse.

## FACTS

Andrew Trevino was inside his apartment when there was a knock on the door. Trevino looked through the peephole and saw Appellee standing at his door. Trevino, not recognizing Appellee, decided not to open the door and instead watched him through the peephole for roughly a minute and a half. During that time, Trevino watched Appellee again knock on his door and walk back and forth between it and his neighbor's door. When he saw Appellee finally turn away from his door, Trevino, believing Appellee was leaving, walked away from his door and went into his restroom.

Trevino testified that while he was in the restroom, he heard a loud thud at the front door. He quickly proceeded to the front of his apartment where he found the door open and the molding around it broken. When he stepped outside to look around, Trevino saw Appellee walking toward the street, no more than 15 feet away from Trevino's

apartment. Nothing was missing from the apartment, but Trevino called the police. While on the call, he approached and asked Appellee why he had kicked in his door. Appellee responded that he had seen someone "looking in [Trevino's] patio," and he was simply trying to scare them away.

When Officer Brenda Garza arrived, Appellee told her that he did not kick in the door and was at the apartments looking for a friend who lived there. Appellee later told a detective that he had been by his car when he saw a man running from the direction of Trevino's apartment. Appellee stated that Trevino then came outside, approached Appellee, and accused him of pushing in the door to his house. Appellee specifically denied breaking into Trevino's apartment.

The State charged Appellee with burglary by entering a habitation without the effective consent of the owner with intent to commit theft.

At trial, an officer with extensive experience investigating burglaries, testified that the damage to the door was indicative of a person having pushed in one side of the door with their body, rather than having kicked it in. The officer also testified that a person would "absolutely" break the plane of the home's entry when pushing in a door in that manner.

Appellee requested a jury instruction on criminal trespass, but the court did not specifically rule on the request and no instruction was included. The jury found Appellee guilty of burglary and he was sentenced by the court to twenty-five years in prison.

Appellee filed a timely motion for new trial, which was granted based on the failure to instruct the jury on the lesser-included offense of criminal trespass.

## COURT OF APPEALS

On appeal, the court began with the two-step analysis for determining whether a lesser-included-offense instruction should be given: (1) Are the elements of the lesser-included offense included within the proof necessary to establish the elements of the charged offense? (2) Is there evidence in the record that could allow a jury to find the defendant guilty of only the lesser-included offense? *Meru*, 2012 Tex. App. LEXIS 8942, at *3 (citing *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)); *See also Royster v. State*, 622 S.W.2d 442, 447 (Tex. Crim. App. 1981); *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).

In analyzing the first step, the court of appeals concluded that this court's holding in *Goad v. State*, 354 S.W.3d 443 (Tex. Crim. App. 2011), was controlling. *Meru*, 2012 Tex. App. LEXIS 8942, at *5. There, we held that criminal trespass can be a lesser-included offense of burglary. The court of appeals found no reason to distinguish this case from *Goad* and determined that the outcome of the first step's elemental analysis of the two offenses would, therefore, be the same. *Id*. at *6. The court of appeals further determined that, because Trevino testified that Appellee said he was trying to scare someone off Trevino's patio, a jury would have been able to find Appellee guilty of criminal trespass and not guilty of burglary based on the lack of intent to commit theft. *Id*.

at \*8. With both steps of the analysis resolved in favor of including the instruction on criminal trespass, the court of appeals affirmed the trial court's order for a new trial. *Id*.

**ARGUMENTS OF THE PARTIES**

The State argues that the court of appeals erred when it held that criminal trespass is a lesser-included offense of burglary and affirmed the trial court's order granting a new trial. The State contends that criminal trespass contains an additional element that disqualifies it from being a lesser-included offense of burglary. Under Texas Penal Code Section 30.05(b)(1), the State asserts, criminal trespass requires the entry of the defendant's entire body, making it insufficient to demonstrate that only a part of the defendant's body entered the complainant's property. Under Texas Penal Code Section 30.02(b), however, it is sufficient to show only a partial entry for the crime of burglary. The State further asserts that even if criminal trespass is a lesser-included offense of burglary, the instruction could not be given in this case because the evidence does not support a conviction on criminal trespass alone. The State contends that there was no evidence of a motive other than theft, and, therefore, no evidence that would allow a jury to find Appellee guilty of criminal trespass but not guilty of burglary of a habitation.

Appellee argues that the entry of "any part of the body" required by the burglary statute necessarily includes entry of the entire body. Therefore, Appellee submits, criminal trespass is a lesser-included offense of burglary of a habitation. Appellee further states that the evidence presented at trial places both the "entry" and "intent" elements at

issue, enabling a jury to find a defendant guilty of criminal trespass and not guilty of burglary.

## CASELAW AND STATUTES

Courts apply the two-step analysis discussed above to determine whether an instruction on a lesser-included offense should be given to the jury. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Hall*, 225 S.W.3d at 535-36; *Rousseau v. State*, 855 S.W.3d 666, 673 (Tex. Crim. App. 1993); *Royster*, 622 S.W.2d at 447. The first step of the analysis is a question of law that does not depend on the evidence presented at trial. This step compares the elements of the offense as alleged in the indictment with the elements of the requested lesser offense. An offense will be a lesser-included offense where "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1). To determine whether an offense qualifies as a lesser-included offense under this statute, we use the cognate-pleadings approach. *Ex parte Watson*, 306 S.W.3d 259 (Tex. Crim. App. 2009) (op. on reh'g). In *Watson*, we explained that

> An offense is a lesser-included offense of another offense, under Article 37.09(1) of the Code of Criminal Procedure, if the indictment for the greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense. If a descriptive averment in the indictment for the greater offense is

identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense.

*Id*. at 273 (citations omitted).

As stated in *Watson*, the elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment. *Id*. In this situation, the functional-equivalence concept can be employed in the lesser-included-offense analysis. When utilizing functional equivalence, the court examines the elements of the lesser offense and decides whether they are "functionally the same or less than those required to prove the charged offense." *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010) (citing *Farrakhan v. State*, 247 S.W.3d 720, 722-23 (Tex. Crim. App. 2008)); *Jacob v. State*, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995).

If this analysis supports a determination that the requested lesser offense is a lesser-included offense, the court will move to the second step of the test and consider whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Rousseau*, 855 S.W.3d at 673. This is a fact determination and is based on the evidence presented at trial. If there is evidence that raises a fact issue of whether the defendant is guilty only of the lesser offense, an instruction on the lesser-included offense is warranted, regardless of whether the evidence is weak, impeached, or contradicted. *Cavazos*, 382 S.W.3d at 383.

# ANALYSIS

Applying the cognate-pleadings approach, we first determine whether the indictment charging Appellee with burglary of a habitation alleges either all of the elements of criminal trespass, or elements and facts from which all of the elements of criminal trespass may be deduced.

A person commits criminal trespass if he "enters or remains on or in property of another . . . without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a). For the purposes of this statute, Section 30.05(b)(1) specifically defines "entry" as "intrusion of the entire body."

The statutory elements of burglary of a habitation under Section 30.02(a), as listed in the indictment, are

(1) Mark Meru [Appellee]
(2) with intent to commit theft
(3) entered a habitation
(4) without effective consent of the owner, Andrew Trevino[1]

With respect to the burglary statute, "enter" is specifically defined as "to intrude: (1) any part of the body; or (2) any physical object connected with the body." TEX. PENAL CODE ANN. § 30.02(b).

---

[1]The indictment alleged "that Mark Meru, defendant, on or about November 8, 2011, in Nueces County, Texas, did then and there, with intent to commit theft, enter a habitation, without the effective consent of Andrew Trevino, the owner thereof." The entry here clearly refers to the one defined in the burglary statute.

This court has previously held that criminal trespass can be a lesser-included offense of burglary of a habitation. *Goad*, 354 S.W.3d at 446; *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); *Day v. State*, 532 S.W.2d 302, 304-06 (Tex. Crim. App. 1975). Although we determined in these cases that each element of criminal trespass would be established with proof equal to or less than that required for burglary of a habitation, we never examined or addressed the issue of the difference between the definitions of "entry" for these two offenses. *See id*. The facts of the present case require us to do so now.

The definition of "entry" in Section 30.05(b) makes the showing of only a partial entry by the defendant insufficient for a conviction of criminal trespass. This same partial entry, however, is all that is needed to support a burglary conviction. In other words, a burglary can be complete upon only a partial intrusion onto the property, whereas the lesser offense would require a greater intrusion. One can imagine a variety of circumstances, including the one in this case, where a defendant who partially encroaches on property could be convicted of burglary but not of criminal trespass because his "entire body" did not enter onto the property. Because criminal trespass requires proof of greater intrusion than burglary, the divergent definitions of "entry" will generally prohibit criminal trespass from being a lesser-included offense of burglary.[2]

---

[2]While we find it counterintuitive for criminal trespass to not be a lesser-included offense of burglary, the statutes bind us. The Legislature specifically chose different definitions of "entry" for these two crimes and, as discussed, this difference prevents a conclusion that criminal trespass is a lesser-included offense.

It would be possible, however, for the elements of criminal trespass to be deduced from the facts alleged in an indictment for burglary of a habitation, as expressly discussed in *Watson*. Under the cognate-pleadings approach, criminal trespass would qualify as a lesser-included offense if the indictment alleges facts that include the full-body entry into the habitation by the defendant. This is consistent with our prior analyses of lesser-included offenses. For example,

> in *Bartholomew v. State*, 871 S.W.2d 210 (Tex.Cr.App. 1994), the indictment charged reckless driving and alleged the acts showing recklessness as racing and speeding. After doing a statutory comparison of the three offenses, we held that although racing and speeding are not necessarily lesser included offenses of reckless driving, in this case they were because the indictment charging the offense of reckless driving specifically alleged racing and speeding and the proof at trial showed racing and speeding. If the State had alleged other acts to prove the element of recklessness, evidence of racing and speeding presented at trial would not entitle the defendant to a charge on racing and speeding as lesser included offenses. For instance, if the indictment alleged recklessness by driving in circles, "doing donuts" in the street, and the evidence presented at trial showed the defendant did that as well as raced and sped, speeding and racing would not be facts "required to establish" the charged offense of reckless driving because the charged offense alleged recklessness by "doing donuts." Since racing and speeding would not be "required to establish" the charged offense, they would not be lesser included offenses of the charged offense.

*Jacob*, 892 S.W.2d at 908. Therefore, had Appellee's indictment in this case alleged that he entered by intruding his entire body into the habitation, criminal trespass could have been a lesser-included offense since such a descriptive averment is identical to the entry

element of criminal trespass.[3]

Appellee fails to meet the first prong of the lesser-included offense analysis because the entry element of criminal trespass does not require the same or less proof than entry for burglary and there are no facts alleged in the indictment that would allow the entry element of criminal trespass to be deduced. Because this first prong is not met, we need not proceed to the second prong and examine the evidence presented at trial to determine whether a jury could have found Appellee guilty only of criminal trespass. The court of appeals erred in affirming the trial court's grant of a new trial based on the failure to instruct the jury on criminal trespass.

## CONCLUSION

The court of appeals improperly concluded that criminal trespass was a lesser-included offense of burglary of a habitation in this case. Appellee failed to demonstrate that criminal trespass is "established by proof of the same or less than all the facts required to establish the commission of the offense charged," as required by Article 37.09(1) of the Code of Criminal Procedure. The judgment of the court of appeals is reversed.

---

[3]In a burglary indictment in which the State does not allege whether the defendant's entry was full or partial, an instruction on criminal trespass as a lesser-included offense would be prohibited. However, a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity. This would force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass.

Delivered: November 27, 2013

Publish