# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-11-00428-CR

**Dromico Andree Washington a/k/a Andrew Washington a/k/a
Dromico Andrew Washington, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 66578, HONORABLE JOE CARROLL, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This cause is before this Court on remand from the Texas Court of Criminal Appeals, which granted the State's Petition for Discretionary Review and vacated our August 29, 2013 judgment. Our judgment had reversed appellant's conviction for burglary of a habitation because we held that the trial court erred in denying appellant's requested jury instruction on criminal trespass as a lesser-included offense of burglary. After we issued our opinion and judgment, the court of criminal appeals issued an opinion, *Meru v. State*, 414 S.W.3d 159 (Tex. Crim. App. 2013), clarifying the circumstances under which trespass may be considered a lesser-included offense of burglary. Because we did not have the benefit of *Meru* when we issued our opinion, the court of

criminal appeals remanded this cause to us for reconsideration. For the following reasons, we withdraw our prior opinion and affirm appellant's conviction.

Appellant was indicted for burglary of a habitation. *See* Tex. Penal Code § 30.02(a). The first paragraph of the indictment alleged that appellant "did then and there, with intent to commit theft, enter a habitation, without the effective consent of Anna Sanders, the owner thereof." The second paragraph alleged that appellant "did then and there intentionally or knowingly enter a habitation, without the effective consent of Anna Sanders, the owner thereof, and attempted to commit or committed an assault against Anna Sanders." The trial court submitted a charge to the jury that instructed it to find appellant guilty if it found beyond a reasonable doubt that appellant, with intent to commit theft, entered Sanders's habitation without her effective consent *or* that appellant knowingly or intentionally entered Sanders's habitation without her effective consent and attempted to commit or committed an assault against her.[1] The trial court also denied appellant's request for a jury instruction on the lesser-included offense of criminal trespass.

---

[1] The complained-of paragraph in the trial court's charge read in its entirety:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the Defendant, DROMICO ANDREE WASHINGTON AKA DROMICO ANDREW WASHINGTON AKA DROMICO ANDRE WASHINGTON, SR., on or about the 6th day of April, 2010, in the County of Bell, and State of Texas, as alleged in the indictment did then and there, with intent to commit theft, enter a habitation, without the effective consent of Anna Sanders, the owner thereof, or did then and there intentionally or knowingly enter a habitation, without the effective consent of Anna Sanders, the owner thereof, and attempted to commit or committed an assault against Anna Sanders, you will find the Defendant "Guilty" of the offense of Burglary of a Habitation and so say by your verdict, but if you do not believe or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

Appellant's second issue complains that the trial court improperly denied his requested jury instruction on criminal trespass because it is a lesser-included offense of burglary and was supported by the evidence. *Compare id.* § 30.02(a) (person commits burglary if he enters habitation without owner's effective consent and commits, intends to, or attempts to commit felony, theft, or assault), *with id.* § 30.05(a) (person commits criminal trespass if he enters or remains on property without owner's effective consent and knew entry was forbidden or does not leave when told to depart). While we sustained appellant's second issue in our previous opinion, we did so without the benefit of recent guidance from the court of criminal appeals on this exact issue. *See Meru*, 414 S.W.3d 159. The parties have submitted supplemental briefing on this issue, and we now reconsider it in light of the *Meru* opinion.

In *Meru*, the court of criminal appeals held that, as a general rule, criminal trespass is not a lesser-included offense of burglary because trespass requires proof of greater intrusion than burglary. *Id.* at 163-64. The specific point of contention between the parties here, as it was in *Meru*, is that the statutory definitions of "entry" differ for the offenses of criminal trespass and burglary of a habitation. Criminal trespass requires "intrusion of the entire body." *See* Tex. Penal Code § 30.05(b)(1) (defining "entry"). In contrast, burglary requires the intrusion of merely "any part of the body" or "any physical object connected with the body." *See id.* § 30.02(b) (defining "enter"). "In other words, a burglary can be complete upon only a partial intrusion onto the property, whereas the lesser offense [of criminal trespass] would require a greater intrusion." *Meru*, 414 S.W.3d at 163. "Because criminal trespass requires proof of greater intrusion than burglary, the divergent definitions of 'entry' will generally prohibit criminal trespass from being a lesser-included offense

3

of burglary." *Id.* at 163-64. However, the *Meru* opinion qualified this general rule by noting that trespass may qualify as a lesser-included offense "if the indictment alleges facts that include the full-body entry into the habitation by the defendant." *Id.* at 164.

The lesser-included-offense analysis is two-pronged. The first prong is a question of law, referred to as the cognate-pleadings approach. *Id.* at 162. That approach does not involve looking at the particular facts presented at trial but only the evidence legally required to prove the elements of the charged offense. *Id.* at 162-63; *see* Tex. Code Crim. Proc. art. 37.09 (offense is lesser-included offense if it is established by proof of same or less than all facts required to establish commission of offense charged). Under the cognate-pleadings approach, if the elements of the lesser-included offense are not explicitly pleaded in the indictment, the defendant may still be entitled to an instruction if the elements of the lesser-included offense "can be deduced from facts alleged in the indictment." *Meru*, 414 S.W.3d at 162. Only if we answer that question affirmatively do we reach the second prong, which inquires whether there is some evidence that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id.* at 163. Thus, after *Meru*, if the indictment does not allege facts from which it may reasonably be deduced that the State alleges that the defendant's *entire* body entered the subject habitation, criminal trespass is not a lesser-included offense by definition, and the analysis ends there.

The indictment in this case does not explicitly allege that appellant entered the complainant's habitation with his entire body. Therefore, we consider whether the elements of criminal trespass can be deduced from the facts alleged in the indictment. The first paragraph of the indictment alleges that appellant "did enter" the habitation of the complainant without any additional

4

facts modifying the extent of the appellant's intrusion into the habitation. The second paragraph similarly alleges mere entry but also that appellant attempted to commit or did commit assault against the complainant. *See* Tex. Penal Code § 22.01(a) (offense of assault includes intentionally, knowingly, or recklessly causing bodily injury to another; intentionally or knowingly threatening another with imminent bodily injury; or intentionally or knowingly causing physical contact with another when actor knows or should reasonably believe that other will regard contact as offensive or provocative).

Appellant argues that the facts relating to assault in the second paragraph necessarily require full-body intrusion, in the absence of further qualifying facts such as how the assault was committed (for instance, with a weapon or with threats). However, assault or attempted assault could be committed without full-body entry, for example by the intrusion of an arm holding a firearm, and an indictment's general allegation that a defendant "entered" a habitation and "assaulted" a person could encompass either partial-body intrusion or the full-body intrusion to which the complainant testified here. The State asserts that the factually nonspecific language in the indictment alleging appellant's "entry" and attempted or actual "assault" against the complainant does not allow for the reasonable deduction that appellant entered the habitation with his whole body. In light of the *Meru* opinion, we must agree with the State.

In *Meru*, the indictment alleged that (1) the defendant (2) with intent to commit theft (3) entered a habitation (4) without effective consent of the owner. *Meru*, 414 S.W.3d at 163. The court of criminal appeals held that the first prong of the lesser-included-offense analysis was not met "because the entry element of criminal trespass does not require the same or less proof than entry

5

for burglary and there are no facts alleged in the indictment that would allow the entry element of criminal trespass to be deduced." *Id.* at 164.

In this case, the indictment similarly does not allege facts from which we can deduce that appellant was accused of entering the complainant's habitation with his entire body; the extent of his entry can only be quantified by the evidence presented at trial, which we may not consider under the first prong of the lesser-included-offense analysis. *See id.* at 162. Without facts appearing in the indictment from which we can reasonably deduce that appellant was accused of entering the complainant's habitation with his entire body, criminal trespass is not a lesser-included offense of burglary of a habitation because, by definition, criminal trespass requires greater intrusion onto the property than burglary.[2] *See id.* at 164. Accordingly, we overrule appellant's second issue and hold that the trial court did not err in refusing appellant's request for an instruction on the offense of criminal trespass.

Appellant's first issue asserts that the trial court erred in combining paragraphs one and two of the indictment into one application paragraph of the jury charge, which he argues violated his constitutional right to a unanimous jury verdict.[3] *See Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005) ("Under our state constitution, jury unanimity is required in felony cases, and,

---

[2] The *Meru* opinion noted that a defendant seeking an instruction on trespass under such circumstances is not entirely without recourse because "a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity. This would force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass." *Meru v. State*, 414 S.W.3d 159, 164 n.3 (Tex. Crim. App. 2013).

[3] We did not address appellant's first issue in our original opinion because we sustained his issue regarding the lesser-included offense.

under our state statutes, unanimity is required in all criminal cases."). Appellant argues that by collapsing the two means by which he may have committed the offense of burglary into one paragraph, separated by the disjunctive "or," the jury charge could have resulted in a non-unanimous verdict if some of the jurors found beyond a reasonable doubt that he unlawfully entered the habitation with the intent to commit theft while the other jurors found that he unlawfully entered the habitation and then committed or attempted to commit an assault.

In analyzing the unanimity issue, the Texas Court of Criminal Appeals has recognized three categories of criminal offenses: result of conduct, nature of conduct, and nature of circumstances. *Young v. State*, 341 S.W.3d 417, 423 (Tex. Crim. App. 2011). In "nature of conduct" offenses, it is the act or conduct that is punished, regardless of any result that might occur. *Id.* ("the act itself is the gravamen of the offense"). In the *Martinez* opinion, this Court determined that burglary is a "nature of conduct" offense, the gravamen being the unlawful entry itself. *See Martinez v. State*, 269 S.W.3d 777, 782 (Tex. App.—Austin 2008, no pet.); *see also DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988) ("The gravamen of the offense of burglary clearly remains entry of a building or habitation without the effective consent of the owner, accompanied by either the required mental state, under §§ 30.02(a)(1) and (2) . . . or the further requisite acts or omissions, under § 30.02(a)(3).").

We determined in *Martinez* that the various subsections of section 30.02(a)—providing that the offense of burglary is committed by (1) entering a habitation with intent to commit felony, theft, or assault; (2) remaining concealed in a habitation with intent to commit a felony, theft, or assault; or (3) entering a habitation and then committing or attempting to commit a felony, theft, or

7

assault—"are essentially alternative means of proving a single mens rea element and not separate offenses." *Martinez*, 269 S.W.3d at 783. Therefore, the *Martinez* opinion concluded, a charge instructing the jury to find the defendant guilty if it found *either* that he had unlawfully entered the victim's habitation with intent to commit a felony *or* that he had unlawfully entered the victim's habitation and then committed or attempted to commit a felony was not error and did not deprive the defendant of his constitutional right to a unanimous verdict. *Id.* Because the jury charge at issue here reads substantively the same as that determined to be proper in *Martinez*, we overrule appellant's first issue.

For the foregoing reasons, we overrule both of appellant's issues and, accordingly, affirm his judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed on Remand

Filed: August 6, 2014

Do Not Publish