**Affirmed and Memorandum Opinion filed April 28, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01045-CR

---

**EDWARD MONTEMAYER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1351306**

---

# M E M O R A N D U M   O P I N I O N

In this appeal of a murder conviction we address a single issue: whether the trial court erred in refusing the defendant's request that the trial court charge the jury on the lesser-included offense of manslaughter. We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Appellant Edward Montemayer contacted a younger friend in search of cocaine. The friend referred appellant to the friend's cousin, Robert Gutierrez,

who promised that he could purchase cocaine for the appellant. Gutierrez required payment for the purchase price before Gutierrez secured the cocaine. Appellant paid him the money. Gutierrez then left, ostensibly to purchase the cocaine. Gutierrez did not return. Appellant managed to track down Gutierrez and asked Gutierrez to return the money, but Gutierrez denied owing appellant money. The conversation escalated to the point that Gutierrez approached appellant with a knife and appellant shot Gutierrez. Appellant saw Gutierrez run away and fall. Appellant then confronted Gutierrez, who was on the ground, asked him again for the money, and fired more shots. Gutierrez died from the gunshot wounds.

Appellant was apprehended and charged with murder. The jury found appellant guilty as charged and assessed punishment at thirty years' confinement and a $175 fine.

## II. ANALYSIS

In his sole issue, appellant asserts that the trial court erred in denying his request to charge the jury on the lesser-included offense of manslaughter. To determine whether the trial court should instruct a jury on a lesser-included offense, courts apply a two-step test. *See Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). The first step is a question of law that is not dependent on the evidence presented at trial. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). In the first step we are to compare the elements of the offense as alleged in the indictment with the elements of the lesser offense. *Id.* An offense will be a lesser-included offense if it can be established by proof of the same or fewer than all of the facts required to establish the commission of the offense charged. *See id.*; Tex. Code Crim. Proc. Ann. art. 37.09(1) (West, Westlaw through 2013 3d C.S.). The second step requires consideration of the evidence presented at trial. *See Cavazos*,

382 S.W.3d at 382. A defendant is entitled to an instruction on every issue raised by the evidence. *Meru*, 414 S.W.3d at 163; *Bell v. State,* 693 S.W.2d 434, 442 (Tex. Crim. App. 1985). Thus, appellant would have been entitled to an instruction on the lesser-included offense if the evidence raises the possibility that appellant could be guilty of only the lesser offense, regardless of whether the evidence is weak, impeached, or contradicted. *See Meru*, 414 S.W.3d at 163; *Bell,* 693 S.W.2d at 442. Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a charge on a lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). But, the evidence must be sufficient to establish the lesser-included offense as a valid alternative to the charged offense. *See Cavazos*, 382 S.W.3d at 385.

Appellant was indicted for unlawfully, intentionally and knowingly causing the death of Gutierrez by shooting Gutierrez with a deadly weapon and for intending to cause serious bodily injury and causing Gutierrez's death by intentionally and knowingly committing an act clearly dangerous to human life, shooting Gutierrez with a firearm. *See* Tex. Penal Code Ann. §§ 19.02(b)(1), (2) (West, Westlaw through 2013 3d C.S.). Appellant requested the trial court to include in the jury charge an instruction on the lesser-included offense of manslaughter.

Under Texas Penal Code Section 19.04, entitled "Manslaughter," a person commits an offense if he "recklessly causes the death of an individual." *See* Tex. Penal Code Ann. § 19.04(a) (West, Westlaw through 2013 3d C.S.). The State correctly concedes that manslaughter is a lesser-included offense of murder as charged in this case. *Compare* Tex. Penal Code Ann. §§ 19.02(b)(1), (2) *with* § 19.04(a); *see also Cavazos*, 382 S.W.3d at 384; *Moore v. State*, 969 S.W.2d 4, 9 (Tex. Crim. App. 1998). Thus, the first step of the two-step test is satisfied. *See*

*Cavazos*, 382 S.W.3d at 384; *Moore*, 969 S.W.2d at 9.

The difference between the offense of murder as charged and manslaughter is that the State must demonstrate intentional conduct to prove murder and the State must demonstrate reckless conduct to prove manslaughter. *See Cavazos*, 382 S.W.3d at 384. If the evidence shows that a rational jury could have found appellant acted recklessly, then appellant was entitled to an instruction on the lesser-included offense of manslaughter. *See id.*

Appellant and eyewitnesses at trial agreed on the following facts:

- Appellant contacted a friend and asked the friend if he could arrange for appellant to purchase cocaine. The friend contacted the friend's cousin, Gutierrez, and Gutierrez informed appellant that he would go purchase cocaine. Gutierrez required appellant to pay him $175 in advance and appellant paid $175. Gutierrez left and did not immediately return. Appellant became anxious and began trying to find Gutierrez to recoup his money.

- Appellant contacted the friend for help finding Gutierrez. Appellant and the friend both searched for Gutierrez and appellant eventually saw Gutierrez's car. Appellant followed Gutierrez's car for a while and called the friend to inform the friend that he had located Gutierrez at Gutierrez's grandmother's home. The friend and the friend's father, Gutierrez's uncle, drove to the grandmother's home and arrived shortly before appellant. Appellant parked in the street and confronted Gutierrez outside of the home.

- Gutierrez responded angrily, informing appellant that Gutierrez did not owe appellant money and challenging appellant to a fight. Gutierrez approached appellant wielding a knife. Appellant took a gun from the console of his car and fired the gun at Gutierrez. Appellant testified that as he fired, Gutierrez took off running and appellant saw him collapse. Gutierrez ran around his uncle's truck and appellant testified that he ran after Gutierrez.

- Appellant testified that he went to see if he had hit Gutierrez because he saw him fall. Appellant said he checked on Gutierrez. He asked Gutierrez again where his money was and Gutierrez swung a knife at

4

appellant. Appellant shot Gutierrez again. Appellant continued to shoot. According to appellant, Gutierrez took off running again and he might have hit him again.

Although the evidence reveals that appellant killed Gutierrez during an intense moment, all of the evidence shows that appellant's actions were intentional. Appellant testified that he shot Gutierrez to defend himself. No evidence suggested that appellant simply disregarded a risk that he might kill or seriously injure Gutierrez. To the contrary, appellant's account indicates that appellant had a goal of harming Gutierrez for the purpose of preventing Gutierrez from harming him.[1] Appellant's actions of pulling a gun out, pointing it at Gutierrez, pulling the trigger, watching Gutierrez fall, running after Gutierrez, and then pulling the trigger several additional times does not rationally support the inference that appellant acted recklessly at the moment he fired the shots. *See Cavazos*, 382 S.W.3d at 358 (holding that evidence a defendant later told a friend that the defendant did not mean to shoot anyone did not support an inference that the defendant acted recklessly). There is no evidence that would have allowed a rational juror to infer that appellant acted recklessly as opposed to intentionally. Appellant failed to meet the second prong of the two-step test because there is no evidence that would permit a rational jury to find appellant guilty only of the lesser-included offense. *See id.* at 386.

---

[1] Appellant testified that he believed his goal of seriously injuring or killing Gutierrez was necessary to prevent Gutierrez from being able to harm appellant, but appellant asserted an affirmative defense of self-defense and the jury rejected it.

### III. CONCLUSION

The trial court did not err in denying appellant's request to charge the jury on the lesser-included offense of manslaughter because the evidence does not support a finding that appellant acted recklessly rather than intentionally. Accordingly, appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

/s/     Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

6