**Affirmed and Majority and Concurring Opinions filed October 29, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00043-CR

---

## HUNG PHUOC LE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1371912**

---

## C O N C U R R I N G   O P I N I O N

I write separately to address appellant's fourth issue in which he asserts that the trial court erred in failing to charge the jury on the lesser-included offense of misdemeanor possession of marijuana in an amount of four ounces or less.[1]   To determine whether the trial court should instruct a jury on a lesser-included

---

[1] *See* Tex. Health & Safety Code § 481.121(b)(2) (West, Westlaw through 2015 R.S.).

offense, courts apply a two-step test.[2] The first step is a question of law that is not dependent on the evidence presented at trial.[3] The court simply compares the elements of the offense as alleged in the indictment with the elements of the alleged lesser offense.[4] An offense will be a lesser-included offense if it can be established by proof of the same or fewer than all of the facts required to establish the commission of the offense charged.[5] To determine whether an offense qualifies as a lesser-included offense under Texas Code of Criminal Procedure article 37.09, we use the cognate-pleadings approach.[6]

In today's case, the alleged lesser offense (that appellant knowingly or intentionally possessed marijuana in a usable quantity of four ounces or less) can be established by proof of fewer than all of the facts required to establish the commission of the offense charged—that appellant knowingly or intentionally possessed marijuana in a usable quantity of more than four ounces and less than five pounds.[7] Therefore, under the first step, misdemeanor possession of marijuana in an amount of four ounces or less is a lesser-included offense of the charged offense.[8]

In the second step, to determine whether a lesser-included jury instruction is warranted, the reviewing court considers the trial evidence and determines whether a rational jury could find that, if appellant is guilty, appellant is guilty only of the

---

[2] *See State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013).

[3] *Id.*

[4] *Id.*

[5] *Id.*; Tex. Code Crim. Proc. Ann. art. 37.09(1) (West, Westlaw through 2015 R.S.).

[6] *Meru*, 414 S.W.3d at 162.

[7] *See id.*

[8] *Id.*; Tex. Code Crim. Proc. Ann. art. 37.09(1).

lesser offense.[9]  If there is evidence that raises a fact issue of whether appellant is guilty only of the lesser offense, an instruction on the lesser-included offense is warranted, regardless of whether the evidence is weak, impeached, or contradicted.[10]  Considering all of the trial evidence, a rational jury could not find that, if appellant is guilty, he is guilty only of misdemeanor possession of marijuana in an amount of four ounces or less.[11]  Therefore, the trial court did not err in not charging the jury on this offense.[12]

/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby. (Jamison, J., majority).
Publish — TEX. R. APP. P. 47.2(b).

---

[9] *See Meru*, 414 S.W.3d at 163.

[10] *See id*.

[11] *See Saenz v. State*, 632 S.W.2d 793, 799 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd).

[12] *See Meru*, 414 S.W.3d at 163; *Saenz*, 632 S.W.2d at 799.

3