Kem Thompson Frost, Chief Justice,
concurring.
I write separately to address appellant’s fourth issue in which he asserts that the trial court erred in failing to charge the jury on the lesser-included offense of misdemeanor possession of marijuana in an amount of four ounces or less.[1] To determine whether the trial court should instruct a jury on a lesser-included offense, courts apply a two-step test.-[2] The first step is a question of law that is not dependent on the evidence presented at trial.[3] The court simply compares the elements of the offense as alleged in the. indictment with the elements of the alleged lesser .offense.[4] An offense will be a lesser-included offense if it can be established by proof of the same or fewer than all of the facts required to establish the commission of the offense charged.[5] To détermine whether an offense qualifies as a lesser-included offense under Texas Code of Criminal Procedure article 37.09, we use the cognate-pleadings approach.[6]
In today’s case, the alleged lesser offense (that appellant -knowingly or intentionally possessed marijuana in a usable quantity of-four ounces or less) can be established by proof of- fewer than all of the facts required .to establish the commission of the offense charged — that appellant knowingly or intentionally possessed marijuana in a usable quantity of more than four- ounces and less than five pounds.[7] Therefore, under the first step, misdemeanor possession of marijuana in an amount of four ounces or less is a lesser-included offense of the charged offense.[8]
In the second step, to determine whether a lesser-included jury instruction is warranted, the reviewing court considers the trial evidence and determines whether a rational jury could find that, if appellant is guilty, appellant is guilty only of the lesser offense.[9] If there is evidence that raises a fact issue of whether appellant is guilty only of the lesser offense, an instruction on the lesser-included offense is warranted, regardless of whether the evidence is weak, impeached, or contradicted.[10] Con *475 sidering all of the trial evidence, a rational jury could not find that, if. appellant is guilty, he is guilty only of misdemeanor possession of marijuana in an amount- of four ounces or less.[11] Therefore, the trial .court did not err in not charging the jury on this offense.[12] •

. See Tex. Health & Safety Code § 481.121(b)(2) (West, Westlaw through 2015 R.S.).

. See State v. Meru, 414 S.W.3d 159, 162 (Tex.Crim.App.2013).

. Id.

. Id.

. Id.) Tex. Code Crim. Proc. Ann. art, 37.09(1) (West, Westlaw through 2015 R.S.),

. Meru, 414 S.W.3d at 162.

. See id.

. Id.) Tex. Code Crim. Proc. Ann, art. 37.09(1).

. See Mem, 414 S.W.3d at 163. ' '

. See id.

. See Saenz v. State, 632 S.W.2d 793, 799 (Tex.App.-Houston [14th Dist.] 1982, pet. refd).

. See Mem, 414 S.W.3d at 163; Saenz, 632 ' S.W.2d at 799. '