**Opinion issued October 27, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00195-CR

———————————

**JUAN SALAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1458018**

---

## MEMORANDUM OPINION

A jury convicted appellant, Juan Salas, of burglary of a habitation with intent to commit assault and assessed punishment at 20 years' confinement. In his sole point of error, appellant contends the trial court erred in failing to instruct the jury on the lesser-included offense of criminal trespass. We affirm.

## BACKGROUND

Appellant and Noelia Ruiz lived together for three years. In November 2014, Ruiz got a new apartment because they had "problems" and she wanted to move away from appellant. Appellant convinced her to let him move back in with her, and she gave him another opportunity. Shortly afterward, in January 2015, appellant "mistreated" Ruiz, and she threw him out of the apartment again.

On February 13, 2015, at 1:00 a.m., appellant called Ruiz saying he wanted to talk, but Ruiz told him, "There is nothing that I want to talk to you about." About fifteen minutes later, Ruiz heard a crash through her apartment window. She went to investigate and saw appellant running into her bedroom, holding a lug wrench, and threatening to kill her.

Appellant repeatedly hit her child's bed with the wrench and told Ruiz he was going to kill her. Ruiz's son was scared and curled up in the bed. Ruiz's daughter was watching and crying. Appellant dropped the lug wrench, grabbed Ruiz by her hair, and started hitting her in the face with his fist and slapping her. He then picked up the lug wrench again and came toward her. He told her, "You're going with me because I'm going to kill you and I'm going to take you to Mexico." Ruiz was so frightened that she urinated on herself, but she agreed to go with appellant to try to keep him calm.

In the parking lot, Ruiz tried to run away, but appellant grabbed her and knocked out her teeth. Ruiz lost consciousness. She woke up to paramedics attending to her.

Meanwhile, Sergeant Semein with the Houston Police Department had been dispatched to the burglary in progress. At an intersection, he saw appellant's car, which matched the description of the suspect's vehicle. When Semein pulled up behind appellant, appellant accellerated to exceed the speed limit. Appellant also threw a glass bottle out of his window and drove through two red lights without stopping, even though Semein had turned on his emergency lights. Eventually, appellant pulled into a private business parking lot. Semein ordered him out of the car, then arrested him.

Ruiz was in the passenger seat. She had blood on her lips and face, her lips were swollen, and she appeared to be in a daze. Semein noticed that appellant had dried blood on his knuckles. Ruiz was taken to a hospital where she was treated for the injuries to her head, lips, and mouth.

## LESSER-INCLUDED-OFFENSE CHARGE

In his sole point of error, appellant contends the trial court erred in failing to instruct the jury on criminal trespass as a lesser-included offense of burglary of a habitation. He argues that the jury was forced to convict him on the higher crime

as the "only alternative to acquittal," and, therefore, the trial court's alleged error caused him harm.

## A. Standard of Review

In determining whether a charge on a lesser-included offense is required, we apply the two-step analysis set forth in *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *see also Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002). Under the first prong of *Rousseau*, a defendant must establish that the lesser-included offense is included within the proof necessary to establish the charged offense. TEX. CODE. CRIM. PROC. ANN. art 37.09 (West 2011); *Feldman*, 71 S.W.3d at 750; *Rousseau*, 855 S.W.2d at 672. Second, the record must include some evidence that would permit a jury to rationally find that, if guilty, the defendant is guilty only of the lesser-included offense. *Feldman*, 71 S.W.3d at 750; *Rousseau*, 855 S.W.2d at 762.

In the first prong, we compare the elements of the offense, as charged in the indictment or information, with the elements of the asserted lesser-included offense. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). Texas follows the "cognate-pleadings approach," which requires the court to compare the elements of the offense as alleged in the indictment with the elements of the potential lesser included offense. *See Hall*, 225 S.W.3d at 535–36; *see also Bowen v. State*, 374

4

S.W.3d 427, 431 (Tex. Crim. App. 2012). An offense is deemed a lesser-included offense of another offense if the indictment for the greater-inclusive offense alleges either: (1) all of the elements of the lesser included offense; or (2) elements plus facts from which all of the elements of the lesser-included offense may be deduced. *Meru*, 414 S.W.3d at 162. This first prong of the *Rousseau* test is a question of law and does not consider the evidence adduced at trial. *Hall*, 225 S.W.3d at 535.

If, in our analysis of the first prong of *Rousseau*, we determine that the requested lesser offense qualifies as a lesser-included offense, then we address the second prong and determine "whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense." *Meru*, 414 S.W.3d at 162–63. In this second prong of *Rousseau*, we consider whether the evidence presented at trial raised a fact issue about whether the defendant was guilty of only the lesser offense. *Id.* at 163. If so, then a lesser-included-offense instruction must be given. *Id.* But, if our analysis under the first prong of *Rousseau* shows that the requested lesser offense does not qualify as a lesser-included offense, we need not proceed to the second prong. *Id.* at 164.

**B.    Analysis**

In *Meru*, the Texas Court of Criminal Appeals held that, as a general rule, criminal trespass will not be a lesser-included offense of burglary because trespass

requires proof of a greater intrusion on the complainant's property than does burglary. *Id.* at 163-64. "Entry" for purposes of criminal trespass requires "intrusion of the entire body," while "entry" for purposes of burglary requires only a partial intrusion by any part of the body or physical object connected with the body. *Id*. at 163. As a result, trespass qualifies as a lesser-included offense of burglary only if "the indictment alleges facts that include the full-body entry into the habitation by the defendant." *Id.* at 164. Because the indictment in *Meru* did not "allege[] facts that include the full-body entry into the habitation by the defendant," criminal trespass was not a lesser-included offense of burglary. *Id.* [1]

Like the indictment in *Meru*, appellant's indictment does not allege any specifics regarding the manner in which he entered the complainant's home, i.e., whether the entry was full or only partial.[2] And, under the cognate-pleadings approach, we may not look to the evidence presented at trial to determine the issue.

---

[1] The court of criminal appeals further noted that "a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity[,]" which "would force the State to re-file the indictment specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass." *Meru*, 414 S.W.3d 159, 164 n.3 (Tex. Crim. App. App. 2013). Although appellant filed a motion to quash, he did not specifically object to lack of particularity regarding entry, nor does he complain on appeal about the trial court's denial of his motion to quash.

[2] The indictment alleges that appellant "did then and there unlawfully with intent to commit an assault, ***enter a habitation*** owned by NOELIA RUIZ, . . . without the effective consent of the Complainant, namely, without any consent of any kind." (Emphasis added). No facts relating to the type of entry are alleged in the indictment.

*See id.* at 162 (stating that first step of *Rousseau* analysis "is a question of law that does not depend on the evidence presented at trial"). Thus, we conclude that in this case, as in *Meru*, criminal trespass is not a lesser-included offense of burglary. Having determined that appellant does not meet the first prong of the *Rousseau* test for lesser-included offenses, we need not address the second prong, and decline to do so. *See Meru*, 414 S.W.3d at 164.

Under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), we review a claim of reversible jury charge error by first determining whether there was an error in the charge. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Because we have determined that, in this case, criminal trespass is not a lesser-included offense of burglary, the trial court was not required to include it in the charge, and its refusal to do so was not error. *See id.*

We overrule appellant's sole point of error on appeal.

### CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).