**Affirmed as Modified and Opinion Filed April 26, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00709-CR

### LARRY EARL LEE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1651334-R

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Larry Earl Lee appeals his conviction for burglary of a habitation. In four issues, appellant contends the evidence is insufficient to support his conviction, and the trial court abused its discretion in refusing to submit a lesser included offense instruction to the jury and overruling his motion to suppress. In two cross-issues, the State requests we modify the judgment to reflect that appellant was convicted by a jury and to show the correct pleas and findings on the enhancement paragraphs. We grant the State's requests for modification and affirm the trial court's judgment as modified.

On the evening of January 14, 2016, the Dallas Police Department received a report of a suspected prowler in a townhome complex. Officers Corona, Salais, and Koerner responded to the call. After arriving, the officers spoke with Leslie Yanos who stated she had seen a man on her back porch and yelled at him to leave. She told the officers she saw him run away a short

distance and then heard a commotion. She said she heard the gate to another townhome open then close and pointed the officers in the direction she saw the man run.

The officers investigated the area and found a townhome nearby with a broken window. Corona and Koerner remained at the back of the house while Salais went to the front. They also called a canine unit for backup.

Corona and Koerner began announcing themselves as police officers and knocking on the back door. When the officers began announcing themselves, Salais saw an upstairs light go off. He informed Corona and Koener that someone was in the house. After several minutes, the officers entered the house through the broken window and unlocked the back door. They decided not to bring in the canine unit because they had not yet contacted the owner of the house and they were concerned the dog would attack someone who was supposed to be there.

Once in the townhome, the officers noticed a mess. Things were piled by the window and lying on the floor. As they went upstairs, they saw open purses in the hallway and on the stairs. Drawers had been emptied.

In one of the bedrooms, the officers found an unmade bed. When they pulled back the covers, they found appellant lying in the bed naked. One of the officers testified it appeared appellant was pretending to have been asleep. The officers tried talking to appellant, but he responded in a different language and appeared to not speak English. The officers handcuffed appellant, helped him dress, and took him downstairs. At that point, appellant began speaking in English. When asked what he was doing there, appellant stated the person that lived in the house allowed him to be there. The officers eventually reached the owner of the townhome who informed them no one had permission to be on the premises. Appellant was arrested and charged with burglary of a habitation.

At trial, one of the owners of the townhome testified she and her husband kept their home very neat. When they arrived home that night, they found open purses and jewelry on the floor and the house generally a mess. She said they had left the house locked and appellant had no permission to be there. After hearing the evidence, the jury found appellant guilty as charged in the indictment. The State presented evidence of two prior felony convictions to enhance the range of punishment. The trial court found the enhancement paragraphs true and sentenced appellant to twenty-five years in prison.

In his first issue, appellant contends the evidence is legally insufficient to support the verdict. Specifically, appellant argues the State failed to prove beyond a reasonable doubt that he entered the house with the intent to commit theft. When reviewing a challenge to the legal sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We do not resolve conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). The factfinder is the sole judge of the witnesses' credibility and their testimony's weight. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984). The factfinder may choose to disbelieve all or any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Each fact need not point directly and independently to the guilt of the appellant as long as the cumulative force of all the incriminating circumstances is enough to warrant conviction. *See*

*Kennemur*, 280 S.W.3d at 313. Circumstantial evidence is as probative as direct evidence and can be sufficient alone to establish an accused's guilt. *Id*. We review all of the evidence in the case regardless of whether it was erroneously admitted. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The indictment in this case alleged that appellant "did unlawfully, intentionally, and knowingly enter a habitation without the effective consent of [] the owner thereof, with the intent to commit theft." Appellant does not challenge the jury's findings that he entered the residence without the owner's consent. He argues only the evidence was legally insufficient to show he intended to commit theft.

The evidence showed appellant entered the house at night without the owner's permission. The owner testified the house was clean when she left, but when the police entered in search of appellant, they found it with items covering the floor and piled by an open window. The items included open purses grouped together in the hallway and on the stairs. Drawers were gone through and the owner stated she found some of her jewelry lying on the ground. The police found appellant lying in one of the beds, naked, and pretending to be asleep despite the fact he did not know the owners or have their consent to be in the house. The cumulative force of all the incriminating evidence is sufficient to support the jury's finding that appellant entered the habitation with the intent to commit theft. *See Gear v. State*, 340 S.W.3d 743, 747–48 (Tex. Crim. App. 2011). We resolve appellant's first issue against him.

In his second issue, appellant contends the trial court abused its discretion in denying his request to include the lesser-included offense of criminal trespass in the jury charge. In determining whether a lesser-included offense instruction should be given, courts apply a two-step analysis: (1) are the elements of the lesser-included offense included within the proof necessary to establish the elements of the charged offense and (2) is there evidence in the record

that could allow a jury to find the defendant guilty of only the lesser offense. *See State v. Meru*, 414 S.W.3d 159, 161 (Tex. Crim. App. 2013). As a general rule, criminal trespass will not be a lesser-included offense of burglary of a habitation because trespass requires proof of greater intrusion than burglary. *Id*. at 163–64. Trespass requires full-body entry into the habitation, while burglary may be satisfied by partial entry. *Id*. If the indictment in the case does not allege whether the defendant's entry into the habitation was full or partial, an instruction on criminal trespass as a lesser-included offense is prohibited. *Id*. at n. 3. A defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass must file a motion to quash the indictment for lack of specificity and thereby force the State to re-file the indictment, specifying the type of entry it alleges he committed. *Id*. Once that is done, either party can request an instruction on criminal trespass. *Id*.

The indictment in this case did not specify whether appellant committed a full or partial-body entry into the habitation and appellant did not move to quash the indictment for lack of specificity. Because the proof necessary for the burglary offense as charged did not require proof of all the elements of criminal trespass, appellant was not entitled to an instruction on criminal trespass. *Id*. We resolve appellant's second issue against him.

In his third and fourth issues, appellant contends the trial court abused its discretion in failing to suppress certain statements he made to the police on the night of the offense. Appellant contends the statements were inadmissible because they were made as a result of a custodial interrogation without the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966) and article 38.22 of the Texas Code of Criminal Procedure. Appellant did not file a pretrial motion to suppress, but objected when the following exchange occurred during Officer Corona's testimony at trial:

> Q. Now at this point, did you detain the defendant?

A. We did.

Q. And how did you detain him?

A. We placed handcuffs on him.

Q. And what was the purpose for detaining him?

A. For officer safety. We didn't know if he was going to try and fight, or what would happen.

Q. Okay. Now after he was detained, what did you do with him?

A. We took him downstairs, but we also asked him what he was doing there. Because, again, he wasn't speaking to us. And then once we had detained him, he started speaking English, and he told us that he was allowed to be there. That the person that lived there allowed him to be there.

Counsel for appellant objected stating there was no showing the statements made by appellant to Corona were voluntary or that the "proper rights" were given. Counsel argued "[appellant is] suspected it seemed of committing some offense, and there needs to be the Miranda warnings, needed to talk to him promptly and make sure he can understand and respond to those warnings." The trial court stated appellant was not under arrest at the time he made the statements.

The State then asked Corona whether appellant was under arrest and Corona responded appellant was only being detained for further investigation at that point. Appellant's counsel took Corona on voir dire examination and asked whether appellant was free to leave the location when he made the statements. Corona responded appellant was not free to leave until they had spoken to the owners of the house, but he was not under arrest. Appellant's counsel renewed the objection, which the trial court overruled.

A trial court's ruling on a motion to suppress evidence is reviewed for an abuse of discretion. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). The record is viewed in the light most favorable to the trial court's ruling and we reverse the judgment only if

it is outside the zone of reasonable disagreement. *Id*. We sustain the ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id*.

We first note that nothing in appellant's objection to Corona's testimony can be read to raise the issue of the protections afforded by article 38.22 of the code of criminal procedure. Appellant's counsel stated only that there needed to be *Miranda* warnings. Because there is no indication in the record appellant raised a claim based on article 38.22, and his objection could not have been understood to raise such a claim, we conclude appellant did not preserve his article 38.22 argument for appeal. *See Resendez v. State*, 306 S.W.3d 308, 316–17 (Tex. Crim. App. 2009).

*Miranda* is intended to guard against coercive custodial questioning by police and protects a suspect from the possibility of physical or psychological "third degree" procedures. *See Wilkerson v. State*, 173 S.W.3d 521, 527 (Tex. Crim. App. 2005). When a defendant moves to exclude a statement for failure to administer the *Miranda* warnings, he first bears the burden of showing the statement was the product of a custodial interrogation. *Id*. at 532. A person is in custody only if a reasonable person would believe his freedom of movement was restrained to the degree associated with an arrest. *See Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). A person held for an investigative detention is not in custody. *See Balentine v. State*, 71 S.W.3d 763, 771 (Tex. Crim. App. 2002).

Appellant argues he was clearly in custody at the time he made the statements he sought to suppress because the officers had placed him in handcuffs. Handcuffing is not, however, always the equivalent of an arrest. *Id*. An investigative detention does not evolve into an arrest simply because an officer uses handcuffs. *Id*. In the course of an investigative detention, an officer may use such force as is reasonably necessary to conduct the investigation, maintain the

status quo, and ensure officer safety. *See Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997).

Moreover, even if a defendant is in custody, an officer's preliminary general questions do not implicate *Miranda*. *See Jones v. State*, 795 S.W.2d 171, 174 (Tex. Crim. App. 1990). To trigger *Miranda*, the defendant must be subjected to interrogation. *See Miranda*, 383 U.S. at 444. General, routine questions, such as what appellant was doing in the house, are not reasonably likely to elicit an incriminating response and do not constitute interrogation. *See Caballero v. State*, No. 05-11-00367-CR, 2012 WL 6035259, at *6 (Tex. App.—Dallas Dec. 5, 2012, pet. ref'd) (not designated for publication).

In this case, after receiving a report about a suspected intruder, the officers found appellant pretending to be asleep in a house that appeared to have been ransacked. When the officers began questioning appellant, he responded in a language the officers did not understand. Officer Corona testified they decided to detain appellant until they were able to contact the owners of the house and placed him in handcuffs because they were concerned for their safety. The statements appellant moved to suppress were made in response to Corona's preliminary investigatory question of what appellant was doing in the house. Reading the record in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion in overruling appellant's request to suppress the statements at issue.

Even assuming the trial court erred in admitting the statements, we conclude any error was harmless. The admission into evidence of a statement taken in violation of *Miranda* is constitutional error subject to a harmless error review. *See Jones v. State*, 119 S.W.3d 766, 777 (Tex. Crim. App. 2003). We must reverse unless we conclude beyond a reasonable doubt the error did not contribute to the verdict. *See Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007). If there is a reasonable likelihood the error materially affected the jury's deliberations,

then the error is not harmless beyond a reasonable doubt. *See McCarthy v. State*, 65 S.W.3d 47, 55 (Tex. Crim. App. 2001). But if the verdict would have been the same absent the error, the error is harmless. *See Clay*, 240 S.W.3d at 904.

The statements appellant sought to suppress were not confessions, but rather false statements made concerning his right to be in the house. Appellant argues admission of the statements contributed to the guilty verdict because they related to the element of consent and undermined his credibility. All the evidence, however, indicated appellant was in the house without the owners' consent. Appellant provided no evidence he actually believed he had permission to be on the premises, nor did he present any argument at trial that consent was a contested fact in the case. Appellant did not testify at the guilt/innocence stage, and his credibility as to the owners' consent was never at issue. After examining the entire record, we conclude beyond a reasonable doubt that admission of appellant's statements did not contribute to the guilty verdict. We resolve appellants third and fourth issues against him.

In two cross-issues, the State requests us to modify the judgment to correctly reflect the type of trial conducted and the pleas and findings on the enhancement paragraphs. First, although this case was tried to a jury, the trial court's judgment is titled "Judgment of Conviction By Court - Waiver of Jury Trial." Second, the record shows the State presented two of appellant's previous felony convictions for punishment enhancement purposes. Appellant pleaded not true to the first enhancement paragraph and pleaded true to the second paragraph. The trial court found both paragraphs true. The judgment, however, states "N/A" with respect to the pleas and the findings on both enhancement paragraphs.

Courts of appeals have the power to modify an incorrect judgment to correct a clerical error when the evidence necessary to correct the judgment appears in the record. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Because the evidence necessary to correct the

judgment appears in the record in this cause, we modify the judgment to speak the truth. Specifically, we modify the title of the judgment to state "Judgment Of Conviction By Jury." We further modify the judgment to show appellant pleaded "Not True" to the first enhancement paragraph, pleaded "True" to the second enhancement paragraph, and the trial court found both enhancement paragraphs "True."

As modified, we affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.1
160709F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY EARL LEE, Appellant

No. 05-16-00709-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1651334-R.
Opinion delivered by Justice Francis.
Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The title of the judgment is modified to state "Judgment of Conviction by Jury";
The Plea to 1st Enhancement Paragraph is modified to state "Not True";
The Plea to 2nd Enhancement/Habitual Paragraph is modified to state "True"; and
The Findings on both the 1st Enhancement Paragraph and the 2nd Enhancement/Habitual Paragraph are modified to state "True."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of April, 2017.