ACCEPTED
01-15-00178-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 12:00:00 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00178-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/30/2015 10:28:00 AM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON

**JUAN REYES, JR.,**

*Appellant,*

v.

**THE STATE OF TEXAS,**

*Appellee.*

Appealed from the 184th District Court
of Harris County, Texas
Trial Court Cause Number 1313736

## BRIEF OF APPELLANT

Joseph Salhab
State Bar #17532300
2028 Buffalo Terrace
Houston, Texas 77019
Tel. (713) 528-1005
Fax: (713) 528-2424
josephsalhab@mindspring.com

COUNSEL FOR APPELLANT
JUAN REYES, JR.

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1 (a), a complete list of the names of all interested parties is provided below so members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

| | |
|---|---|
| Counsels for the State at Trial | Tiffany Johnson, SBN 24036853<br>Gretchen Flader, SBN 24045875<br>Harris County District Attorney's Office<br>1201 Franklin<br>Houston, Texas 77002 |
| Counsel for the State on Appeal | Appellate Division<br>Harris County District Attorney's Office<br>1201 Franklin<br>Houston, Texas 77002 |
| Appellant | Juan Reyes, Jr. |
| Counsels for Appellant at Trial | Allen Isbell, SBN 10431500<br>Rhonda Chargois, SBN 24000843<br>202 Travis 208<br>Houston, Texas 77002 |
| Counsel for Appellant on Appeal | Joseph Salhab, SBN 17532300<br>2028 Buffalo Terrace<br>Houston, Texas 77019 |
| Trial Judge | Honorable Jan Krocker |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................i

TABLE OF CONTENTS ...................................................................................ii

INDEX OF AUTHORITIES – CASES ................................................................iii

INDEX OF AUTHORITIES –STATUTES .........................................................iv

STATEMENT OF THE CASE ..............................................................................2

ISSUE PRESENTED .............................................................................................2

STATEMENT OF FACTS .....................................................................................2

SUMMARY OF THE ARGUMENT ....................................................................5

ARGUMENTS AND AUTHORITIES .................................................................5

I.    Standard of Review..................................................................................5

II.   Applicable Law........................................................................................6

III.  Felony Murder is a Less Included Offense of Capital Murder as Charged in Reyes' Indictment.......................................................................................6

IV.   Trial Evidence Supports a Jury Instruction on Felony Murder. ......................7

CONCLUSION AND PRAYER ..........................................................................11

CERTIFICATE OF COMPLIANCE...................................................................13

CERTIFICATE OF SERVICE.............................................................................13

# INDEX OF AUTHORITIES – CASES

*Cavazos v. State,*
    382 S.W.3d 377 (Tex. Crim. App. 2012 ..................................................7

*Goad v. State,*
    354 S.W.3d 443 (Tex. Crim. App. 2011) ...............................................6

*Hall v. State,*
    225 S.W.3d 524 (Tex. Crim. App. 2007) ...............................................6

*Kirsch v. State,*
    357 S.W.3d645 (Tex. Crim. App. 2012) ................................................6

*Moore v. State,*
    969 S.W.2d 4 (Tex. Crim. App. 1998) ...................................................7

*Ngo v. State,*
    175 S.W.3d 738 (Tex. Crim. App. 2005) ...............................................6

*Rice v. State,*
    333 S.W.3d 140 (Tex. Crim. App. 2011) ...............................................6

*Salinas v. State,*
    163 S.W.3d 734 (Tex. Crim. App. 2005) ...............................................6

*Saunders v. State,*
    840 S.W.2d 390 (Tex. Crim. App. 1992) ..............................................10

*Skinner. State,*
    956 S.W.2d 532 (Tex. Crim. App. 1997) ...............................................8

*State v. Meru,*
    414 S.W.3d 159 (Tex. Crim. App. 2013) ...............................................7

*Sweed v. State,*
    351 S.W.3d 63 (Tex. Crim. App. 2011) .................................................8

*Threadgill v. State,*
    146 S.W.3d 654 (Tex. Crim. App. 2004) ...........................................6,7,8

# INDEX OF AUTHORITIES –STATUTES

Tex. Penal Code § 19.02.............................................................................7

Tex. Penal Code § 19.03.............................................................................2

Tex. Crim. P. Ann. 37.09............................................................................7

NO. 01-15-00178-CR

IN THE COURT OF APPEALS FOR
THE FIRST DISTRICT OF TEXAS
AT HOUSTON

**JUAN REYES, JR.,**

*Appellant,*

v.

**THE STATE OF TEXAS,**

*Appellee.*

Appealed from the 184th District Court
of Harris County, Texas
Trial Court Cause Number 1313736

**BRIEF OF APPELLANT**

TO THE HONORABLE JUSTICES OF SAID COURT:

Comes now, JUAN REYES, JR., Appellant, by and through his attorney of record on appeal, Joseph Salhab, and respectfully submits this brief on appeal.

1

## STATEMENT OF THE CASE

This is a case involving a conviction for Capital Murder. Tex. Penal Code § 19.03. Appellant Juan Reyes, Jr. was convicted by a jury on February 12, 2015 [CR at 426], and was sentenced to life imprisonment without possibility for parole [CR at 427]. Appellant gave timely Notice of Appeal [CR at 431] and the trial court certified Reyes' right to appeal [CR at 430].

## ISSUE PRESENTED

> Whether the trial court erred when it denied Reyes' request for a jury instruction on the lesser included offense of felony murder.

## STATEMENT OF FACTS

### A.    Course of Proceedings and Disposition in the Court Below

Appellant Reyes was charged in an indictment filed on July 20, 2011 [CR at 12]. The indictment alleged that Reyes, on or about July 5, 2011, while in the course of committing burglary, caused the death of Terry Todd by shooting him with a firearm. A second paragraph alleged that Reyes, on or about July 5, 2011, while in the course of committing robbery, caused the death of Terry Todd by shooting him with a firearm.

Reyes exercised his right to trial by jury. The trial commenced in the 184th District Court of Harris County, Texas, on February 9, 2015 [RR.V13.1].

The jury found Reyes guilty as charged in the indictment on February 12, 2015.

2

[RR.V16.46]. Reyes was sentenced to life imprisonment in the Texas Department of Criminal Justice, without possibility of parole. [RR.V16.47].

Reyes filed a timely Notice of Appeal on February 12, 2015. [CR at 431]. Reyes is appealing the judgment entered pursuant to the adverse jury verdict.

## B.  Statement of the Facts

On Tuesday July 5, 2011, at approximately 10:30 a.m., the Harris County Sherriff's Office was dispatched to 12430 Beaumont Highway in Harris County to respond to a shooting in progress. [RR.V14.27-28]. A man, later identified as Terry Todd (RR.V14.190), was found faced down near a truck parked in the middle of a pasture. [RR.V14.29]. Todd was pronounced dead at the scene, and an autopsy revealed the cause of death was a gunshot wound to the chest. [RR.V15.133].

At the scene, investigator found evidence of a burglary in the residence. [RR.V14.49-52]. They also found two sets of tire tracks, indicating that another vehicle had pursued Todd's truck before leaving the pasture. [RR.V14.59]. Investigation into Todd's missing credit cards led to surveillance video of Reyes using the cards to purchase gas. [RR.V14.199, 202]. Fingerprint evidence obtained from the gas pumps matched Reyes (RR.V14.204), and he was initially charged with credit card abuse (RR.V14.206), and ultimately charged with capital murder. [RR.V14.221].

At trial, the state put on two witnesses, Ronald Heard and Rodrigo Montalvo,

3

who were near the scene at the time of the shooting. [RR.V14.35]. Montalvo, testifying through an interpreter, said that he saw two white trucks in the field, one driven by a white man, and the other with a "fat" man and a "shorter" man inside who look Hispanic. [RR.V14.137-138]. He saw the "fat" man open the white man's door, and heard two gunshots. [RR.V14.139]. Then, Montalvo said, "[t]he white man was wounded and he wanted to open his door and then the fat one – when he was getting in his truck, he turned and he looked, he went back, and then shot once again." [RR.V14.139]. Montalvo said that was when the white man "landed" outside the truck. Id. Montalvo mentioned on cross-examination that his vision was failing. [RR.V14.145]. When defense counsel asked how long his vision had been failing him, Montalvo did not provide an answer. [RR.V14.147].

Ronald Heard testified that he heard gunshots (RR.V14.147), and then saw two Hispanic men run from Todd's truck, get into a white SUV, and drive off. [RR.V14.158]. Heard said he had been sitting on the side porch of his mother's house, then:

| | |
|---|---|
| HEARD: | I heard about two to three shots. |
| STATE: | Gunshots? |
| HEARD: | Gunshots, yes, ma'am. Got off the porch, walked to the front yard. And about that time, there was about five – four or five more shots. And there was two gentlemen, and Mr. Todd's truck was in the middle of the field. |

[RR.V14.155-56].

Gail Mills, an employee of the Houston Forensic Science Center, testified at

4

trial as to her theory of the shooting (RR.V14.79), and on cross-examination, confirmed that she believed there might have been some kind of struggle or deflection of the gun. RR.V14.109. The medical examiner, Dr. Morna Gonsoulin, testified that Todd had suffered a single gunshot wound to the chest (RR.V15.130), and that it had been the cause of death. [RR.V15.133]. At the close of the trial, Reyes objected to the jury charge for its failure to give an instruction on the lesser included offense of felony murder. [RR.V16.4] The court overruled the objection. Id.

## SUMMARY OF THE ARGUMENT

The trial court erred because it denied Appellant Reyes' request for a jury instruction on the lesser included offense of felony murder. The testimony at trial regarding specific intent to kill was inconsistent, and if properly instructed, the jury could have found that Reyes was guilty only of felony murder.

## ARGUMENTS AND AUTHORITIES

At the conclusion of all of the evidence on guilt/innocence, the court presented a proposed jury charge to the state and defense. [CR at 415-426; RR.V16.4]. Defense counsel objected to the court's charge and requested an instruction on the offense of felony murder. Id. The court overruled the objection. Id.

I.    Standard of Review.

An appellate court reviews alleged jury charged error in two steps: First, it must

5

determine whether error exists, and if so, the court must evaluate whether sufficient harm resulted from the error to require reversal. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012); *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005).

II.    Applicable Law.

The Court of Criminal Appeals has set forth a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser-included offense. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011); *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007)

The first step is to determine whether the offense in the requested instruction is a lesser included offense of the charged offense. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011); *Hall*, 225 S.W.3d at 535. This determination is a question of law, and it does not depend on the evidence produced at trial. *Hall*, 225 S.W.3d at 535.

The second step is to determine whether there is some evidence "from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense." *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004); *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005).

III.    Felony Murder is a Less Included Offense of Capital Murder as Charged in Reyes' Indictment.

An offense is a lesser included offense if established by proof of the same facts

6

or less than all of the facts required to establish the commission of the greater offense, or it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission. Tex. Crim. Proc. Ann. Article 37.09(1) and (3).

The elements of felony murder are included in the proof necessary for capital murder committed in the course of robbery or burglary. Thus, felony murder is a lesser included offense of capital murder as alleged in this case. See Tex. Penal Code Ann. 19.02(b)(3), 19.03(a)(2); *Threadgill*, 146 S.W.3d at 665.

IV.    Trial Evidence Supports a Jury Instruction on Felony Murder.

Reyes submits that the trial court erred in denying his requested instruction because there is some evidence that would permit a jury to rationally find that if he is guilty, he is guilty only of felony murder. *State v. Meru*, 414 S.W.3d 159, 162-63 (Tex. Crim. App. 2013).

Anything more than a scintilla of evidence may be sufficient to entitle a defendant on a lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). In determining whether evidence presented at trial supported an instruction on a lesser included offense, a reviewing court may not consider whether the evidence was "credible, controverted, or in conflict with other evidence." *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). Though this threshold showing is low, "it is not enough that the jury may disbelieve crucial

7

evidence pertaining to the greater offense but rather, there must be some evidence directly germane to the lesser included offense for the jury to consider before an instruction on a lesser included offense is warranted." *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011) (quoting *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).

Felony murder is an unintentional murder committed in the course of committing a felony. Tex. Penal Code Ann. 19.02(b)(3); *Threadgill*, 146 S.W.3d at 665. Capital murder in this case is an intentional murder committed in the course of a robbery or burglary. Tex. Penal Code 19.03(a)(2). The element that distinguishes capital murder in this instance from felony murder is the intent to kill. *Threadgill*, 146 S.W.3d at 165.

In this case, the jury was properly charged on "intent" as it applies to capital murder: "A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result. [CR at 417].

Reyes contends that the only direct evidence at trial that could have established a specific intent to kill the complainant came from witness Rodrigo Montalvo. Montalvo, from the parking lot of a Church's Chicken outside of the complainant's property, saw two white trucks enter the property. [RR.V14.136]. The lead truck was smaller, driven by a white man. [RR.V14.137]. The larger truck in pursuit was

8

driven by a "fat" man, and there was a "shorter" man in the passenger's side. Id. According to Montalvo, both men looked Hispanic. Id. The two men got out and the "fat" one opened the passenger door of the white man's truck, and Montalvo heard two shots fired. [RR.V14.138]. He testified that the men ran back to their truck, and when the wounded white man opened his door, the "fat" man went back and shot once again. [RR.V14.139]. Montalvo could not see their faces or describe the gun.[ RR.V14.143][1]. On cross examination, Montalvo testified that the scene photos he was shown by defense counsel were too blurry, and that his vision was failing. [RR.V14.145-46].

Reyes submits that Montalvo's testimony that the gunman returned to the car and fired a third shot as Todd opened his door is critical evidence that would support a finding that he had a specific intent to kill. Reyes contends that no rational factfinder would find that part of his testimony reliable. It was contradicted by the testimony of the only other fact witness, Ronald Heard. [RR.V14.152]. Heard testified that he saw a white truck parked in front of Todd's pickup "maybe 10 or 15 yards." [RR.V14.157]. He heard "a couple of shots" and saw the two men run from the truck and get in their SUV and drive away. [RR.V14.157-58]. Heard testified that he did not see either of the men near Todd's body. [RR.V14.164-65].

Montalvo's testimony regarding Reyes returning to Todd's car to fire the third

---

[1] Other evidence at trial established that the "fat guy" was Juan Reyes and the other assailant was Ricardo Celedon. The deceased complainant was identified as Terry Todd.

shot is further discredited by physical evidence at the crime scene. Gail Mills, crime scene unit investigator, testified that all of the 9mm shell casings recovered at the scene of Todd's vehicle were on the passenger's side of the pickup, and that the shots came from the passenger's side of the pickup. [RR.V14.110].

The physical evidence contradicts Montalvo's testimony that the gunman returned to shoot the wounded driver as he was opening the driver's side door. Further, as she detailed the trajectory of the projectiles that entered the truck's console and roof, Mills testified to conclusions she could draw consistent with that evidence. Autopsy photos showed bruising on the top of Todd's hands, indicating that he may have "hit the gun with his right hand, deflected it, then additional shots were fired." [RR.V14.121]. She could not rule out the possibility that there had been "some kind of struggle with the gun or deflection of the gun or something" (RR.V14.109), or that the injuries could have come from a scuffle. [RR.V14.121]. Mills repeatedly acknowledged that she could not attest to the order in which the shots were fired. [RR.V13.109].

Reyes contends that the evidence regarding specific intent to kill in the course of the burglary and robbery is subject to different interpretations. *Saunders v. State*, 840 S.W.2d 390, 391-92. (Tex. Crim. App. 1992). The jury, based on the controverting testimony and physical evidence, could have found the visual impairment of Montalvo, the only eye witness who saw the shooting, caused his

10

testimony to be unreliable. There was no evidence regarding what actually occurred when shots were fired, and a rational jury could have inferred that the fatal shot occurred in a struggle for the gun, negating or casting doubt on whether Reyes intentionally killed Todd while robbing him. Defense counsel called upon the jury to examine the evidence on intent to kill in light of the testimony and physical evidence. [RR.V16.30-32]. Had the jury been given the proper instruction on felony murder, they could have considered the evidence as it related to intentional killing. As it was, the jury was faced with a Hobson's choice to convict of capital murder or acquit, and no other option. The lesser offense of felony murder was warranted and the court's failure to submit it was error that harmed Reyes, depriving him of due process and a fair trial.

## CONCLUSION AND PRAYER

WHEREFORE, premises considered, Appellant has shown that the trial court erred by denying his request for a jury instruction on the lesser included offense of felony murder, and prays that this Court reverse and remand.

Respectfully submitted,


_____/s/ Joseph Salhab_____
By:    Joseph Salhab
State Bar #17532300
2028 Buffalo Terrace
Houston, Texas 77019
Tel:   (713) 528-1005

11

Fax: (713) 528-2424
josephsalhab@mindspring.com

COUNSEL FOR APPELLANT
JUAN REYES

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains <u>2,313</u> words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Brief for Appellant was delivered to the Harris County District Attorney's Office via notice of electronic filing (NEF), on the 28th day of November, 2015.

/s/ Joseph Salhab
JOSEPH SALHAB