**Opinion issued October 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00159-CR

———————————

**JESSE JUDE CARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1517090**

---

## MEMORANDUM OPINION

Appellant, Jesse Jude Carter, was charged with burglary of a habitation,

enhanced with two prior felony convictions for theft and assault of a public servant.[1]

---

[1] TEX. PENAL CODE ANN. § 30.02 (West 2018).

A jury found appellant guilty of the charged offense and, pursuant to a punishment agreement, appellant was sentenced to twenty-five years' confinement. In three points of error, appellant contends that the trial court erred in (1) denying his motion to suppress; (2) denying his request for a jury instruction on criminal trespass; and (3) assessing a $35 summoning witness fee in the bill of costs. We affirm.

## Background

The complainant, Theresa Williams, operates a transitional living facility in her home to help inmates transition their lives. The thirty-unit facility is fenced, locked twenty-four hours a day, and accessible only to tenants who have a key.

In the early morning hours of July 16, 2016, Williams awoke to hear someone banging on her front door. When Williams opened her bedroom door, she saw appellant inside her house. Williams testified that she attempted to get appellant out of her house, and that he began pushing her toward her bedroom and grabbed her. When William screamed for help, appellant said, "[S]hush, shush. They after me. They gonna get me." During the struggle, Williams fell and injured her knee.

Donald Antwine, one of Williams's tenants, heard Williams scream. When he entered the house, he saw that someone had Williams "wrapped up, grabbed [] real tight." Antwine helped remove appellant from the house, and Williams called 911.

2

Officer Woodrow Tompkins with the Houston Police Department arrived at the scene eleven minutes later and saw appellant walking down the street while someone yelled, "that's him, that's him," and pointed at appellant. Officer Tompkins told appellant to freeze, handcuffed him, and put him in the back of the patrol car. Officer Tompkins testified that appellant was "very nonchalant, very passive," and that he appeared to be on drugs. Williams, who was trembling and crying, told the officer what had happened.

Officer Ezminda Gomez with the Houston Police Department arrived at the scene, gathered information from Officer Tompkins, Williams, and Antwine, and placed appellant in the back of her patrol car. When the prosecutor asked Officer Gomez if appellant made any statements while in the back of the patrol car, trial counsel objected and made an oral motion to suppress appellant's statements to the officer. Outside the presence of the jury, Officer Gomez testified that appellant was upset at being detained in the back of the patrol car, and that he was cursing and talking out loud. Officer Gomez testified that appellant voluntarily stated that "he wasn't welcome there, to the residence of the complainant" and that "he went in there and did assault her." Officer Gomez stated that she did not ask appellant any questions and that she did not read appellant his Miranda rights.

At the conclusion of the questioning, the trial court denied the motion to suppress and made the following findings on the record:

3

Specifically, for the record, I find that the defendant was under arrest at the time the statements were made. I find that the Miranda warnings were not given. I find that the statements were not the result of custodial interrogation, that they were spontaneously given, not in response to any questioning.

And although the defendant appeared to have been on drugs, the content of the statement—statements sound very coherent to me, and I do not find that his intoxication made the statements involuntary. Therefore, I find that they were freely and voluntarily given.

During the charge conference, trial counsel requested that a criminal trespass instruction be included in the charge. The trial court denied the request. The jury subsequently found appellant guilty of burglary of a habitation. Pursuant to a punishment agreement, appellant was sentenced to twenty-five years' confinement.

## Appellant's Statements

In his first point of error, appellant contends that the trial court erred in admitting the statements he made while in the back of the patrol car.

### A. Standard of Review

A trial court's ruling on a motion to suppress evidence will not be set aside unless there is an abuse of discretion. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (en banc); *Taylor v. State*, 945 S.W.2d 295, 297 (Tex. App.— Houston [1st Dist.] 1997, pet. ref'd). When reviewing the trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We must uphold the trial court's ruling if it is supported by the record and correct under

4

any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 739–40 (Tex. Crim. App. 2007).

## B. Applicable Law

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966); *see also Alvarado v. State*, 853 S.W.2d 17, 20 (Tex. Crim. App. 1993) (en banc). Texas Code of Criminal Procedure article 38.22 generally precludes the use of statements that result from custodial interrogation, absent compliance with its procedural safeguards. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2 (West 2018); *Shiflet v. State*, 732 S.W.2d 622, 623 (Tex. Crim. App. 1985) (en banc). Section 5 of article 38.22 specifically exempts statements that do not "stem from custodial interrogation," statements that are "res gestae of the arrest or of the offense," and all voluntary statements, whether or not they result from custodial interrogation. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 5 (West 2018); *Shiflet*, 732 S.W.2d at 623.

"Interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response from the individual under

5

suspicion. *See Rhode Island v. Innis*, 446 U.S. 291, 299–302, 100 S. Ct. 1682, 1689–90 (1980); *see also Morris v. State*, 897 S.W.2d 528, 531 (Tex. App.—El Paso 1995, no pet.). When an accused in custody spontaneously volunteers information that is not in response to earlier interrogation by authorities, the statement is admissible even though not recorded because it is not the product of custodial interrogation. *See Stevens v. State*, 671 S.W.2d 517, 520 (Tex. Crim. App. 1984) (en banc); *see also Warren v. State*, 377 S.W.3d 9, 17 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Thus, if appellant's statements do not stem from custodial interrogation, neither *Miranda* nor article 38.22 requires their suppression. *See Morris*, 897 S.W.2d at 531 (citing *Galloway v. State*, 778 S.W.2d 110, 112 (Tex. App.—Houston [14th Dist.] 1989, no pet.)).

### C. Analysis

The trial court found that appellant was in custody at the time he made his oral statements to Officer Gomez. Appellant does not contend that his statements—that "he wasn't welcome there, to the residence of the complainant" and "he went in there and did assault her"—were the product of custodial interrogation. Rather, he contends that "[t]he officer chose to let [him] implicate himself when she could easily have read him his rights." He argues that, although the law finds such a delay acceptable, it is inherently wrong.

There is no requirement that *Miranda* warnings be given immediately but only that they be given prior to custodial interrogation. *See Innis*, 446 U.S. at 300–01, 100 S. Ct. at 1689–90. Further, the record does not support appellant's assertion that the officers intentionally delayed issuing *Miranda* warnings. Instead, the record shows only that appellant was transferred from one patrol car to another while the officers gathered information from the complainant, the witness, and the first officer to arrive at the scene. Because the evidence demonstrates that appellant made the statements voluntarily, and not in response to questioning by any officer or any words or actions they should have known were reasonably likely to elicit an incriminating response, the trial court did not abuse its discretion in denying appellant's motion to suppress the statements on the grounds that he did not receive *Miranda* warnings or statutory warnings. *See id.*; *see also Camarillo v. State*, 82 S.W.3d 529, 535–36 (Tex. App.—Austin 2002, no pet.) (concluding defendant's statement was not product of custodial interrogation where officer merely identified himself as officer who obtained arrest warrants when appellant immediately made his unsolicited statement); *Lam v. State*, 25 S.W.3d 233, 240 (Tex. App.—San Antonio 2000, no pet.) (holding trial court did not abuse its discretion in admitting into evidence defendant's volunteered statement where defendant initiated conversation by asking officer about his case and blurted out statement in response

7

to officer's attempt to change topic of conversation). We overrule appellant's first point of error.

## Lesser-Included Offense

In his second point of error, appellant contends that the trial court erred in denying his request to submit to the jury a lesser-included offense instruction on criminal trespass.

### A. Standard of Review and Applicable Law

Article 37.08 of the Texas Code of Criminal Procedure provides that "[i]n a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." TEX. CODE CRIM. PROC. ANN. art. 37.08 (West 2006). We apply a two-step analysis to determine whether an instruction on a lesser-included offense should be included in the jury charge. *See State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013) (citing *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007)).

First, we compare the elements of the offense as charged in the indictment or information with the elements of the asserted lesser-included offense. *See id.* This step is a question of law and does not depend on evidence adduced at trial. *See id.* An offense is a lesser-included offense of the charged offense if the indictment for the greater-inclusive offense either (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts from which all of the

8

elements of the lesser-included offense may be deduced. *See* TEX. CODE CRIM.

PROC. ANN. art. 37.09(1) (West 2006). If the elements of the lesser-included offense

can be deduced from facts alleged in the indictment, they need not be pled in the

indictment. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (per

curiam). Second, we consider "whether a rational jury could find that, if the

defendant is guilty, he is guilty only of the lesser offense." *Meru*, 414 S.W.3d at

162–63. Under this step, we determine whether the evidence presented at trial raised

a fact issue as to whether the defendant was guilty of only the lesser offense. *See id.*

at 163.

## B. Analysis

The information alleged as follows:

> [Appellant], heretofore on or about July 16, 2016, did then and there
> unlawfully without the effective consent of the owner, namely, without
> any consent of any kind, intentionally enter a habitation owned by
> THERESA WILLIAMS, a person having greater right to possession of
> the habitation than [appellant], and commit and attempt to commit
> assault of THERESA WILLIAMS.

We must first determine whether the information alleges (1) all of the

elements of criminal trespass, or (2) elements and facts from which all of these

elements can be deduced. The statutory elements of burglary of a habitation, as

alleged in the information, are that (1) appellant, (2) intentionally entered a

habitation owned by Williams, (3) without her effective consent, and (3) committed

and attempted to commit assault of Williams. *See* TEX. PENAL CODE ANN.

9

§ 30.02(a)(3) (West Supp. 2018). For the purposes of section 30.02, "'enter' means to intrude: (1) any part of the body; or (2) any physical object connected with the body." TEX. PENAL CODE ANN. § 30.02(b)(1)–(2) (West Supp. 2018). A person commits criminal trespass "if the person enters or remains on or in property of another, including . . . a building . . . without effective consent and the person: (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2018). For the purposes of section 30.05, "'[e]ntry' means the intrusion of the entire body." TEX. PENAL CODE ANN. § 30.05(b)(1) (West Supp. 2018).

In *State v. Meru*, the Texas Court of Criminal Appeals considered the differences in these definitions of "entry" in a case involving an indictment that alleged only that the defendant entered a building with intent to commit theft, without alleging the manner of entry. 414 S.W.3d at 163–64. The Court determined that "[b]ecause criminal trespass requires proof of greater intrusion than burglary, the divergent definitions of 'entry' will generally prohibit criminal trespass from being a lesser-included offense of burglary." *Id.* Thus, only in cases in which the State has alleged facts in its burglary information that "include the full-body entry into the habitation by the defendant" is an instruction on criminal trespass as a lesser-included offense warranted. *Id.* at 164. When the information alleges only that an "entry" was made, and does not allege whether the entry was full or partial,

"an instruction on criminal trespass as a lesser-included offense would be prohibited." *Id.* at 164 n.3. The Court in *Meru* concluded that because the State's indictment did not allege a "full-body entry," and instead only charged the defendant with burglary by "entering a habitation without the effective consent of the owner with intent to commit theft," the defendant had not met the first prong to support the submission of a lesser-included offense instruction on criminal trespass. *See id.* at 161, 164.

As in *Meru*, the information in this case, by simply alleging that appellant entered the building, does not allege the entry element of criminal trespass. Further, the information does not allege additional facts from which we can deduce this element of criminal trespass. *See id.* at 164. Appellant acknowledges that, under *Meru*, he is not entitled to an instruction on criminal trespass but asks that this Court reconsider that decision.[2] As an intermediate court of appeals, we are bound to follow the precedent of the Texas Court of Criminal Appeals. *Gonzales v. State*, 190 S.W.3d 125, 130 n.1 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); TEX. CONST. art. V., § 5(a) (providing that Court of Criminal Appeals is final authority for interpreting criminal law in Texas).

---

[2]     In urging us to reconsider, appellant cites Justice Alcala's concurring opinion in *Meru*, explaining why the entry element under criminal trespass is the functional equivalent of the entry element for burglary. *See State v. Meru*, 414 S.W.3d 159, 167 (Tex. Crim. App. 2013) (Alcala, J., concurring).

11

The first prong of the lesser-included-offense analysis has not been met because the "entry" element for criminal trespass requires more, not the same or less, proof than entry for burglary, and no additional facts have been alleged that would support a deduction that the "entry" element for criminal trespass is satisfied. *See Meru*, 414 S.W.3d at 164. Because the first prong has not been satisfied, we need not determine whether, based on the evidence at trial, a rational jury could find that appellant is guilty only of criminal trespass. *See id.* We overrule appellant's second point of error.

### Constitutionality of Court Cost

In his third point of error, appellant challenges the constitutionality of article 102.011(a)(3) of the Texas Code of Criminal Procedure.

Article 102.011 provides, in relevant part, that "[a] defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer," including "$5 for summoning a witness[.]" TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(3) (West Supp. 2018); *see also Ramirez v. State*, 410 S.W.3d 359, 366 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("[W]e construe the statute to require a $5 fee for each witness summoned each time the witness is summoned."). The bill of costs in appellant's case includes a $35 charge for "Summoning Witness/Mileage."

Appellant argues that subsection (a)(3) of article 102.011 is facially unconstitutional because the court cost is placed in the county's general revenue fund and is not expended for a criminal justice purpose and, therefore, renders the court a tax gatherer in violation of the Texas Constitution's Separation of Powers clause.[3] *See* TEX. CONST. art. II, § 1. This Court has previously considered, and rejected, this argument in similar appeals. *See Allen v. State*, __ S.W.3d __, __, 2018 WL 4138965, at *8–9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet. h.) (rejecting argument that article 102.011(a)(3) and (b) are facially unconstitutional because they violate Texas Constitution's separation-of-powers clause); *see also Payne v. State*, No. 01-16-00977-CR, 2018 WL 4190047, at *5–6 (Tex. App.—Houston [1st Dist.] Aug. 31, 2018, no pet. h.) (mem. op., not designated for publication) (same). Accordingly, we reject appellant's argument challenging the constitutionality of article 102.011(a)(3) for the reasons articulated in those opinions.

---

[3] Article II, section 1, of the Texas Constitution provides:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1.

13

*See Allen*, 2018 WL 4138965, at \*8–9; *Payne*, 2018 WL 4190047, at \*5–6.  We

overrule appellant's third point of error.

## Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).