**Opinion filed September 12, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00116-CR

_____

### LEWIS VILLARREAL, III, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 29862-A**

### M E M O R A N D U M   O P I N I O N

A jury found Appellant, Lewis Villarreal, III, guilty of burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West 2019). Appellant elected to have the trial court assess his punishment. Following the punishment phase, the trial court sentenced Appellant to twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Raising a single issue on appeal, Appellant argues that the trial court erred

when it denied his request for a lesser-included offense instruction of criminal trespass. We affirm.

## Factual and Procedural History

A grand jury indicted Appellant for the offense of burglary of a habitation. The indictment alleged that, "on or about the 17th day of January, 2022[,] . . . [Appellant] did then and there, with intent to commit an assault against DAVID MANGUM, enter a habitation, without the effective consent of ESPERANZA DE LOS SANTOS, the owner thereof." At trial, Appellant requested a lesser-included offense instruction for criminal mischief and a defensive instruction for "mutual combat." The trial court denied both requests.

## Standard of Review & Applicable Law

Appellate courts use a two-step analysis to determine if a defendant is entitled to a charge on a lesser-offense. *Ritcherson v. State*, 568 S.W.3d 667, 670 (Tex. Crim. App. 2018). "First, we compare the statutory elements of the alleged lesser offense and the statutory elements and any descriptive averments in the indictment." *Id.* at 670–71 (citing *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016)). Under this first step of the analysis, an offense is a lesser-included offense if it is within the proof necessary to establish the offense charged—the greater offense. *Bullock*, 509 S.W.3d at 924. Second, there must be some evidence in the record establishing that, if the defendant is guilty, he is guilty only of the lesser offense. *Wade v. State*, 663 S.W.3d 175, 181 (Tex. Crim. App. 2022). "In other words, the evidence must establish that the lesser-included offense provides the jury with 'a valid, rational alternative to the charged offense.'" *Id.* (quoting *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007)). "[I]f more than a scintilla of evidence, from any source, raises the issue that the defendant was guilty only of the lesser offense, then the defendant is entitled to an instruction on the lesser offense." *Id.*

2

In *Goad v. State*, the Texas Court of Criminal Appeals held that "[c]riminal trespass can be a lesser-included offense of burglary of a habitation." 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). However, in *State v. Meru*, the court clarified that whether criminal trespass is a lesser-included offense of burglary of a habitation in a particular case depends on whether the defendant is alleged to have intruded on the property with his entire body or only part of it. 414 S.W.3d 159, 163–64 (Tex. Crim. App. 2013). In this regard, the court considered that "entry" under criminal trespass required "intrusion of the entire body" while "entry" under burglary of a habitation required intrusion by "(1) any part of the body; or (2) any physical object connected with the body." *Id.*; *compare* PENAL § 30.05(b)(1) (West Supp. 2023) (criminal trespass), *with* PENAL § 30.02(b) (burglary of a habitation). The court then expressly contemplated a scenario where the indictment did not allege either:

> In a burglary indictment in which the State does not allege whether the defendant's entry was full or partial, an instruction on criminal trespass as a lesser-included offense would be prohibited. However, a defendant who committed a full-body entry and wants the opportunity for an instruction on criminal trespass can file a motion to quash the indictment for lack of particularity. This would force the State to re-file the indictment, specifying the type of entry it alleges the defendant committed and allow either party to later request an instruction on criminal trespass.

*Meru*, 414 S.W.3d at 164 n.3. The court ultimately concluded that the appellant was not entitled to a lesser-included offense instruction for criminal trespass but that criminal trespass *could* have been a lesser included offense if the indictment had "alleged that he entered by intruding his entire body into the habitation." *Id.* at 164.

*Analysis*

In the indictment in this case, like the indictment in *Meru*, the State did not specify whether Appellant "entered" the property by intruding his entire body into the habitation. *See id.* at 163, 164 n.3. Moreover, Appellant did not file a motion to

quash the indictment for a lack of particularity or otherwise. *See id.* at 164 n.3. Appellant thus failed to meet the first part of the lesser-included offense analysis, "because the entry element of criminal trespass does not require the same or less proof than entry for burglary and there are no facts alleged in the indictment that would allow the entry element of criminal trespass to be deduced." *Meru*, 414 S.W.3d at 164; *see* PENAL §§ 30.05(b)(1), 30.02(b). As a result, the trial court was prohibited from providing the lesser-included offense instruction of criminal trespass that Appellant requested. *See Meru*, 414 S.W.3d at 164 n.3; *see also Weekes v. State*, No. 11-22-00289-CR, 2024 WL 3528450, at *5 (Tex. App.—Eastland July 25, 2024, no pet. h.) (mem. op., not designated for publication). Appellant's sole issue is overruled.

### This Court's Ruling

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


September 12, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4