# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00620-CR

---

**Dylan Hunter Cloyd, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 19-0805-K26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Dylan Hunter Cloyd was convicted by jury of burglary of a habitation and sentenced to five years' confinement and a $2,500.00 fine. *See* Tex. Penal Code § 30.02(c)(2). In one issue, appellant contends that the trial court erred in refusing to charge the jury on the lesser-included offense of criminal trespass. We will affirm the trial court's judgment of conviction.

### BACKGROUND

Appellant was charged with burglary of a habitation after he forced his way into a neighbor's home. The indictment alleged in two paragraphs that appellant intentionally and knowingly entered a habitation without effective consent of the owner and attempted to commit or committed assault and theft.

At trial, appellant's former neighbor, Christlyne, who was a high-school senior at the time of the incident, testified that she was babysitting her infant nephew and had put him down for a nap when she heard a knock at the door. At the door was a food delivery driver with a food order for appellant. Christlyne told the driver that the order was not for her but was for the neighbor.

A short while later, appellant knocked at the door, appearing "flustered" and "angry." When Christlyne "cracked" the door open, appellant immediately asked, "Where's my fucking food?" After telling appellant five or six times that she didn't have his food, Christlyne attempted to close the door, but appellant pushed the door open, causing Christlyne to fall into the dining-room table, which she testified hurt her side and rib cage.

Once inside, appellant continued to angrily demand his food, "terrifying" Christlyne. Because appellant was closer to the stairs leading up to the room where her nephew was sleeping than she was, Christlyne told the appellant to, "Check the fridge," as a distraction, ran up the stairs, locked herself in a room with her nephew, and called 911. After police arrived, Christlyne returned downstairs to find a broken glass bottle on the kitchen floor, an open door, and an incomplete pack of Modelo beer that had been placed on the dining room table.

At the charging conference, the trial court denied appellant's request that it charge the jury on the lesser-included offenses of criminal trespass and misdemeanor assault.

The jury found appellant guilty of burglary of a habitation and, following a hearing on punishment, sentenced him to five years' confinement. This appeal followed.

**DISCUSSION**

In his sole issue on appeal, appellant argues that the trial court erred in denying his request for a jury instruction on the lesser-included offense of criminal trespass.

A defendant is entitled to an instruction on a lesser-included offense if it is "established by proof of the same or less than all the facts required to prove the offense charged[.]" Tex. Code Crim. Proc. art. 37.09(1); *Ortiz v. State*, 623 S.W.3d 804, 806 (Tex. Crim. App. 2021). To determine whether a lesser-included offense should be included in the charge, courts apply a two-part test. *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). "The first step asks whether the lesser-included offense is included within the proof necessary to establish the offense charged." *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011). This requires a comparison of "the statutory elements of the alleged lesser offense and the statutory elements and any descriptive averments in the indictment." *Ritcherson v. State*, 568 S.W.3d 667, 670–71 (Tex. Crim. App. 2018). "If this threshold is met, the court must then consider whether the evidence shows that if the Appellant is guilty, he is guilty only of the lesser offense." *Cavazos*, 382 S.W.3d at 382. The first step of the analysis is a question of law that does not depend on the evidence presented at trial. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013).

In *State v. Meru*, the Court of Criminal Appeals held that criminal trespass will generally not be a lesser-included offense of burglary because the statutory definition of "entry" for the offense of criminal trespass requires proof of greater intrusion than the definition of "entry" for burglary of a habitation. *Id*. at 163–64. "In other words, a burglary can be complete upon only a partial intrusion onto the property, whereas the lesser offense would require a greater intrusion." *Id*. at 163.

3

Whether "criminal trespass is a lesser-included offense of burglary turns on the indictment's specific allegations"; "criminal trespass would qualify as a lesser-included offense if the indictment alleges facts that include the full-body entry into the habitation by the defendant." *Id*. at 164; *see DeLeon v. State*, 583 S.W.3d 693, 700 (Tex. App.—Austin 2018, pet. ref'd). Here, appellant's indictment alleges that the appellant "intentionally and knowingly enter[ed] a habitation without the effective consent of…the owner," without alleging any additional facts that, if proven, would show appellant entered the habitation with his entire body. Since the indictment does not allege facts including full-body entry, the proof necessary for the burglary offense as charged does not require proof of all the elements of criminal trespass, and appellant fails to meet the first prong of the lesser-included offense analysis. *See Meru*, 414 S.W.3d at 164.

Because the first prong was not met, the trial court did not err in denying appellant's request for a lesser-included instruction on criminal trespass. Consequently, we need not consider whether, based on the evidence at trial, a rational jury could find that appellant is guilty only of the lesser offense. *See id.* ("Because this first prong is not met, we need not proceed to the second prong."); *see also* Tex. R. App. P. 47.1.

We therefore overrule appellant's sole issue.

## CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment of conviction.

4

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   April 28, 2023

Do Not Publish